UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| CARL E. YORK, JR., | ) | |
|---|---|---|
| | ) | |
| Plaintiff | ) | |
| | ) | |
| vs. | ) | CAUSE NO. 1:14-CV-371 RLM |
| | ) | |
| CAROLYN W. COLVIN, Acting | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant | ) | |

OPINION and ORDER

This cause is before the court on Carl York's motion for attorney's fees and expenses under the Equal Access to Justice Act, 28 U.S.C. § 2412, following the court's entry of final judgment remanding the case to the Commissioner of Social Security for further proceedings. Mr. York requests an award of fees in the amount of $5,054.00; the Commissioner hasn't opposed his request.

The EAJA permits recovery of attorney fees based on "prevailing market rates," but not in excess of $125 per hour "unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A). Mr. York requests fees for his attorney at the rate of $190.00 per hour for work performed on his case. Mr. York maintains an hourly fee greater than $125.00 for counsel is warranted based on inflation, a rise in the cost of

living, and rates charged for similar services by other attorneys in the Fort Wayne legal community.

In accordance with Section 204(d) of the Act, Mr. York has submitted an itemized statement from his attorney showing "the actual time expended and the rate at which fees and other expenses were computed." 28 U.S.C. § 2412(d)(1)(B). Counsel explains that her hourly rates for work performed in 2014 and 2015 are based on the cost of living adjustments allowed by statute when employing the Consumer Price Index for "All Urban Consumers" obtained from the Bureau of Labor Statistics.

The court finds that "given the passage of time since the establishment of the hourly rate, a cost-of-living adjustment is warranted," counsel's use of the Consumer Price Index to calculate an appropriate inflation adjustment is reasonable. Tchemkou v. Mukasey, 517 F.3d 506, 512 (7th Cir. 2008); *see also* Williams v. Astrue, No. 11 C 2053, 2013 WL 250795, at *2 (N.D. Ill. Jan. 23, 2013) ("Courts in this district have allowed claimants to use the Consumer Price Index to adjust hourly attorneys' rates to account for cost of living increases in EAJA cases."). As noted above, the Commissioner hasn't challenged or objected to the hourly rates charged or the amount of fees requested by Mr. York.

Based on the foregoing, the court GRANTS Mr. York's motion for an award of fees under the Equal Access to Justice Act [docket # 23]. Pursuant to 28 U.S.C.

§ 2412(d), the court finds that Mr. York is entitled to an award of fees in the amount of $5,054.00.

SO ORDERED

ENTERED:   November 5, 2015

                                     /s/ Robert L. Miller, Jr.
                                    Judge, United States District Court